IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PATRICIA RAYBORN,** *et al.*                                                                **PLAINTIFFS**

**v.**                                                           **CIVIL ACTION NO. 2:20-CV-74-KS-MTP**

**UNITED STATES OF AMERICA**                                                          **DEFENDANT**

## ORDER

For the reasons provided below, the Court **denies** Defendant's Motion in Limine [51].

### A. *Treating Physicians*

First, Defendant argues that the Court should limit the expert testimony of Patricia Rayborn's treating physicians to the facts contained in their disclosed records related to their treatment of Mrs. Rayborn. Defendant represents that Rayborn's treating physicians did not provide signed, written reports, and it contends that the Court must exclude any opinions not based on their own treatment of Mrs. Rayborn or that were prepared in anticipation or support of litigation.

In response, Plaintiffs represented that they do not intend to elicit any fact or opinion testimony from Mrs. Rayborn's treating physicians which are not based upon their personal knowledge and gained directly by and through their treatment of her.

Therefore, the Court denies this aspect of Defendant's motion as moot. However, the Court reminds the parties that although Rule 26 exempts non-retained experts, such as treating physicians, from the obligation to provide a signed and

written report, *see* FED. R. CIV. P. 26(a)(2)(B), a physician who does not provide a signed and written expert's report must confine his testimony to "facts disclosed during care and treatment of the patient, including his diagnosis, the causation of a plaintiff's injuries, and the plaintiff's prognosis, as long as the doctor formed those opinions based on his personal knowledge and observations obtained during the course of care and treatment." *Barnett v. Deere & Co.*, 2016 WL 4735312, at *1 (S.D. Miss. Sept. 11, 2016) (quoting *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008)).

### B.   *David Wilson*

Next, Defendant argues that the Courts should exclude the testimony of David Wilson, a therapist who treated Mrs. Rayborn, because Plaintiffs never designated him as an expert witness. In response, Plaintiffs admit that they never designated Wilson as an expert, but they argue that the Court should still permit his testimony at trial.

It is undisputed that Plaintiffs never designated Wilson as an expert witness. Plaintiffs' designation deadline was May 3, 2021, and the discovery deadline was August 16, 2021. On September 27, 2021, Plaintiffs' counsel sent Defendant's counsel a copy of a letter from Wilson [50-2], in which he described Mrs. Rayborn's symptoms, diagnosed her with post-traumatic stress syndrome, and recommended that she receive therapy. Plaintiffs contend that Mrs. Rayborn sought therapy after she was deposed on July 26, 2021, and that their counsel forwarded Wilson's bill and

2

diagnostic letter to Defendant's counsel upon receipt.

Rule 26 requires parties to disclose the identity of any person who will provide expert testimony at trial. FED. R. CIV. P. 26(a)(2)(A), (C). Disclosing parties must supplement these disclosures if they become incomplete or incorrect. FED. R. CIV. P. 26(e). This applies to all testifying experts, including treating physicians. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004). Rule 37 provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When determining whether to exclude an expert's testimony for a party's failure to properly and timely disclose required information, the Court considers the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witnesses to testify;

(3) the possibility of curing such prejudice by a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996) (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)).

Plaintiffs did not provide any argument regarding the importance of Wilson's testimony. While Plaintiffs asserted a claim of mental anguish, they represented in

3

their briefing that they have not yet determined whether they will call Wilson at trial. The Court will assume that Wilson's testimony is of middling importance, and this factor weighs only slightly in favor of allowing Wilson's testimony.

Plaintiffs have not provided any explanation as to why they did not designate Wilson as an expert or seek leave to do so out of time. Therefore, this factor weighs in favor of excluding Wilson's testimony.

Defendant claims that it will be significantly prejudiced if the Court allows Wilson to testify. However, Defendant received a copy of Wilson's diagnosis and bill in September 2021, over three months before it filed the instant motion. Rather than immediately challenge the admissibility of the testimony or seek leave to depose Wilson outside the discovery period, Defendant sat on the issue for three months. Moreover, Defendant has a letter from Wilson describing his opinions, and Plaintiffs are not even certain that they will call Wilson at trial. Therefore, the Court finds that Defendant is only slightly prejudiced by Plaintiffs' failure to designate Wilson as an expert, and this factor weighs slightly in favor of excluding his testimony.

However, the Court finds that there is time to cure whatever prejudice may accrue to Defendant. The pretrial conference in this matter has recently been rescheduled to February 17, 2022. If it wishes to do so, Defendant may depose Wilson on or before **February 16, 2022**. If Wilson can not make himself available for deposition during that time period, he will not testify at trial. If Defendant then wishes to designate a rebuttal expert outside the discovery period, it may do so. The

Court declines to shift any costs or fees, as Defendant would still have accrued such costs and fees if Plaintiffs had complied with Rule 26.

SO ORDERED AND ADJUDGED this 19th day of January, 2022.

/s/   Keith Starrett<br>
KEITH STARRETT<br>
UNITED STATES DISTRICT JUDGE